IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| COUNSEL CORPORATION, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | No. 04-cv-3852 |
| | ) | |
| GARY J. WASSERSON, | ) | |
| Defendant | ) | |

| GARY J. WASSERSON, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | No. 04-cv-3864 |
| | ) | |
| I-LINK CORP., et al. | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

**RUFE, J.**                                                             **August 24, 2010**

On August 13, 2004, Counsel Corporation ("Counsel Corp") and Gary Wasserson ("Wasserson") simultaneously filed the two related underlying actions.[1] Now before the Court is Wasserson's Motion for Entry of Final Judgment and Award of Attorneys' Fees Pursuant to Rules 58(d) and 54(d)(2) of the Federal Rules of Civil Procedure.[2]

On March 15, 2005, by Demand for Arbitration, Wasserson initiated an arbitration with JAMS Resolution Experts, naming five respondents: I-Link Corp. ("I-Link"); Springwell Communications, LLC ("Springwell"); Counsel Corp.; Counsel Communications, Inc. ("CCI");

---

[1] On November 2, 2004, Civil Action No. 04-3864 was reassigned to this Court from the Hon. Anita B. Brody as a related action to Civil Action No. 04-3852. See C.A. No. 04-3864, Document No. 11. Unless otherwise noted, the Docket Entry citations contained herein are identical in both civil actions.

[2] C.A. No. 04-3864, Document No. 62.

1

and Alan Silber.[3] In July 2009, the Arbitrator issued a Corrected Final Award, finding that both parties were liable to each other for specified monetary damages and finding Wasserson as the prevailing party.[4] On March 31, 2010, the Court issued a Memorandum Opinion confirming the Corrected Final Arbitration Award and rejecting Wasserson's calculation of damages above and beyond the amounts awarded by the Arbitrator.[5] A more complete recitation of the factual and procedural history of this case was established in the Court's March 31st Memorandum Opinion, which is hereby fully incorporated herein.[6]

Wasserson now requests that the Court enter final judgment in the amount of $723,860.57, with either (1) "a deduction for the award to Counsel Corp. of $309,980.28, including the 10% interest from February 1, 2004 until April 5, 2005 for a net judgment in favor of Wasserson of $413,880.29 or [2] as two separate judgments in the amounts of $723,860.57 in favor of Wasserson and $309,980.28 in favor of Counsel Corp."[7] Defendants "do not oppose the entry of judgment in a 'sum certain' as [Wasserson] requests" and agree that the Court should enter one "net judgment" that reflects a setoff between the parties' awards.[8] Defendants, however, oppose the proposed amount of the "net judgment" and additional attorneys' fees

---

[3] Upon agreement by the parties, JAMS Arbitrator Robert B. Davidson ("Arbitrator"), presided over all of the Arbitration proceedings. During the Arbitration, the parties were designated as Claimant and Respondents, Wasserson being designated as the Claimant.

[4] See Corrected Final Award [Document No. 44-3] at 10.

[5] See C.A. No. 04-3852, Document No. 55 and 56; C.A. No. 04-3864, Document No. 60 and 61.

[6] Id. at 1-12.

[7] Pl.'s Mot for Entry of Final J. and Award of Attorneys' Fees Pursuant to Rules 58(d) and 54(d)(2) of the Federal Rules of Civil Procedure [C.A. No. 04-3864, Document No. 62] at 5.

[8] Def.'s Response to Pl.'s Mot for Entry of Final J. and Award of Attorneys' Fees [C.A. No. 04-3864, Document No. 63] at 1.

requested by Wasserson. Defendants contend that Wasserson has attempted to add "post judgment interest" to the Award amount and correctly assert that the Arbitrator "made clear in his Corrected Final Award that the attorneys' fees and expenses 'will not bear interest.'"[9]

Wasserson also requests that any final judgment entered by the Court be increased by $11,128.70 in attorneys' fees above the $75,000.00 in attorneys' fees already awarded by the Arbitrator "relating to these motions leading to the entry of the [Court's] March 31 Order...."[10] Wasserson argues that while the Arbitrator awarded him $75,000 in legal fees "through and including the date of the final Award," he is entitled to additional fees since Defendants contested payment of the Award by filing a motion in opposition to Wasserson's Motion to Confirm the Award and a separate Motion to Vacate the Award. Wasserson asserts that it is "inequitable and contrary to the spirit of the arbitration award...to impose upon Wasserson the additional costs and fees of enforcing his arbitration award,"[11] but provides no binding authority to support this argument upon which the Court must rely.[12] In contrast, Defendants highlight the fact that "the plain language of the [underlying] Employment Agreements provides that only the arbitrator can direct the non-prevailing party to reimburse the prevailing party for his attorneys' fees and expenses."[13]

---

[9] Id. at 7.

[10] Pl.'s Mot for Entry of Final J. and Award of Attorneys' Fees Pursuant to Rules 58(d) and 54(d)(2) of the Federal Rules of Civil Procedure at 6.

[11] Pl.'s Reply Mem of Law in Further Supp of Mot for J. [C.A. No. 04-3864, Document No. 66] at 5.

[12] Wasserson's only citations in support of his argument for an additional $11,128.70 in attorneys' fees are unpublished district court cases from Texas and Minnesota and one appellate decision from the Ninth Circuit.

[13] Def.'s Response to Pl.'s Mot for Entry of Final J. and Award of Attorneys' Fees at 3.

As the Court stated in its Memorandum Opinion and Order dated March 31, 2010, "judgment shall be awarded to the remaining parties pursuant to JAMS' arbitration number 14200114521, Corrected Final Award, dated July 10, 2009, which the Court hereby affirms."[14] The Court then fully adopted the Arbitrator's computation of damages as calculated in the Final Award.[15] Consistent with Arbitrator's decision, Wasserson's award totals $715,717.22 and Defendants' award totals $310,820.47, leaving a net difference of $404,896.75. The Court finds no basis to now increase the amount of the Corrected Final Award to include additional interest and/or attorneys' fees.

It is well established that civil litigants bear the costs of their own legal fees and expenses and are not entitled recovery of their attorneys' fees from an adversary, absent instances where the parties contractually agreed to a fee shifting provision or a statute expressly provides for it.[16] It is undisputed that neither instance applies here. The Court agrees with Defendants' assertion that "absent a specific provision in the parties' agreement or Award itself, a party is not entitled to recover its attorneys' fees related to its efforts to confirm an arbitral award or to oppose a motion to vacate an arbitral award."[17] As such, the Court finds that Wasserson is not entitled to additional attorneys' fees beyond the $75,000 in legal fees awarded to Wasserson in the

---

[14] C.A. No. 04-3864, Document No. 61, at 2; See also, C.A. No. 04-3864, Document No. 60. In the Court's Memorandum Opinion dated March 31, 2010, Defendant Counsel Communications, Inc. ("CCI") was dismissed with prejudice from Civil Action No. 04-3864, in accordance with the Arbitrator's findings in JAMS Arbitration No. 1420014521, Interim Award, dated April 24, 2009.

[15] See C.A. No. 04-3864, Document 60 at 20; see also, Corrected Final Award at 61-62.

[16] See Summitt Valley Indus., Inc. v. Local 112, United Bhd. of Carpenters and Joiners of Am., 456 U.S. 717, 721 (1982); see also, Polonski v. Trump Taj Mahal Assocs., 137 F.3d 139, 145 (3d Cir. 1998).

[17] Document No. 63, at 3; see Chauffers, Teamsters and Helpers, Local Union No. 765 v. Stroehmann Brothers Co., 625 F2d. 1092, 1094 (3d. Cir. 1980); see also, United Steelworkers of Am., Local 8249 v. Abdill Management Corp., 1984 U.S. Dist. LEXIS 20132, *502(D.C.V.I. 1984).

Arbitrator's Corrected Final Award. The Court further finds that Wasserson is not entitled to post-award interest on the attorneys' fees and costs that the Arbitrator included in the Corrected Final Award. The Court will enter a final judgment award consistent with the Arbitrator's Corrected Final Award in favor of the prevailing party, Wasserson, in the amount of $715,717.22, with a deduction for the award to Defendants in the amount of $310,820.47, for a net judgment to Wasserson in the amount of $404,896.75. Accordingly, Wasserson's Motion for Entry of Final Judgment is hereby GRANTED and Wasserson's request for additional attorneys' fees and interest is hereby DENIED.

An appropriate order follows.